**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 44822, 44823 & 44824**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | **2018 Opinion No. 11S** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed:  August 3, 2018** |
| | ) | |
| v. | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| COLTON MERRILL, | ) | **SUBSTITUTE OPINION** |
| | ) | **THE COURT'S PRIOR OPINION** |
| Defendant-Appellant. | ) | **DATED MARCH 8, 2018, IS** |
| | ) | **HEREBY WITHDRAWN** |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County.  Hon. Darren B. Simpson, District Judge.

Orders revoking probation, <u>affirmed</u>; judgment of conviction and sentence for felony fleeing or attempting to elude a peace officer, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.  Kimberly A. Coster argued.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.  Russell J. Spencer argued.

_____

LORELLO, Judge

In these consolidated appeals, Colton Merrill appeals from his orders revoking probation and his judgment of conviction and sentence for felony fleeing or attempting to elude a peace officer.  Merrill asserts that the State breached the plea agreement between the parties.  For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

In 2013 (Docket No. 44822), Merrill pled guilty to one count of burglary. I.C. §§ 18-1401 and 18-1403.  Judgment was withheld and he was placed on probation for five

years. After violating the terms and conditions of his probation, Merrill's withheld judgment was revoked and he was sentenced to a unified term of five years, with a minimum period of confinement of two years. The sentence was suspended and he was placed on probation. Thereafter, Merrill violated the terms of his probation. The district court ordered execution of Merrill's sentence, retained jurisdiction, and ultimately placed Merrill on another period of probation.

In 2015 (Docket No. 44823), while still on probation in his 2013 case, Merrill pled guilty to another count of burglary. I.C. §§ 18-1401 and 18-1403. The district court sentenced Merrill to a unified term of ten years, with a minimum period of confinement of four years, to run consecutive to his 2013 burglary sentence. Both the 2013 and 2015 cases were the subject of probation violation proceedings in June 2016, at which time Merrill was continued on probation with modified terms.

In September 2016 (Docket No. 44824), Merrill was charged with three new crimes, including felony fleeing or attempting to elude a peace officer. I.C. § 49-1404(2)(a)(b)(c) and/or (d). Merrill entered into a plea agreement with the State whereby he pled guilty to felony fleeing or attempting to elude a peace officer, and the State dismissed the other two charges and agreed to concur with the recommendation in the presentence investigation report (PSI). The presentence investigator recommended retained jurisdiction.

As a result of the 2016 charges, the State filed motions to revoke Merrill's probation in the 2013 and 2015 burglary cases and Merrill admitted to violating his probation. The district court held a joint sentencing and disposition hearing in all three cases and sentenced Merrill to a unified term of five years, with a minimum period of confinement of two years, for felony fleeing or attempting to elude a peace officer in the 2016 case and revoked Merrill's probation in the 2013 and 2015 burglary cases and ordered Merrill's sentences executed. Merrill's 2016 sentence was ordered to run concurrently with the sentences in Merrill's burglary cases. Merrill filed I.C.R. 35 motions for reduction of all three of his sentences, which the district court denied. Merrill appealed in all three cases, and the cases have been consolidated on appeal.

## II.

### STANDARD OF REVIEW

Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Idaho decisional law, however, has long allowed appellate courts to consider a claim of error to which no objection was made below if the issue presented rises to the level of fundamental error. *See State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007); *State v. Haggard*, 94 Idaho 249, 251, 486 P.2d 260, 262 (1971). In *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010), the Idaho Supreme Court abandoned the definitions it had previously utilized to describe what may constitute fundamental error. The *Perry* Court held that an appellate court should reverse an unobjected-to error when the defendant persuades the court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings. *Id.* at 226, 245 P.3d at 978.

## III.

### ANALYSIS

Merrill argues, for the first time on appeal, that the State breached its plea agreement by making statements that were fundamentally at odds with the disposition the State was obligated to recommend. The three-part test for unobjected-to fundamental error from *Perry* applies to claims of prosecutorial breach of a plea agreement at sentencing. *State v. Stocks*, 153 Idaho 171, 174, 280 P.3d 198, 201 (Ct. App. 2012); *State v. Gomez*, 153 Idaho 253, 256, 281 P.3d 90, 93 (2012). Thus, to be entitled to relief, Merrill must show the alleged breach (1) violates one or more of his unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record, including any information as to whether the failure to object was a tactical decision; and (3) affected the outcome of the trial proceedings. *See Perry*, 150 Idaho at 226, 245 P.3d at 978. Merrill has failed to do so.

There is no written plea agreement in the record. At the change of plea hearing, Merrill's counsel represented the terms of the plea agreement as follows: "Pursuant to a letter agreement, [Merrill] will plead guilty to the felony eluding. The State will dismiss the misdemeanor, and the State will also dismiss the persistent violator. The State will concur with the presentence

3

investigation recommendation. [Merrill] will agree to pay any reimbursement and restitution."[1] The district court then asked whether the plea agreement encompassed Merrill's pending probation violations, to which defense counsel responded: "By pleading guilty to a new felony, that will necessitate that he will be found guilty on the [probation violations], because we will admit to the [probation violations] as well." However, there is no indication that the State agreed to a particular disposition, or to make any recommendation, in relation to the probation cases even though all three cases were consolidated for purposes of sentencing and disposition. With respect to the felony eluding charge, the presentence investigator noted that Merrill's "previous chances at probation and treatment" and the nature of the felony eluding charge "could merit a recommendation of incarceration with IDOC," but the presentence investigator recommended retained jurisdiction because the program had changed since Merrill's prior period of retained jurisdiction.

At the combined sentencing and disposition hearing, defense counsel presented his sentencing argument first, stating:

> Because of the new charges and the probation violations, we understand the recommendation of the presentence reporter of a rider. We appreciate that rather than a recommendation of prison. And Mr. Merrill is willing to engage in any other treatment required, and he understands the recommendation is now for the residential treatment that is provided by the Idaho Department of Corrections.

Defense counsel then asked the district court to consider probation with a condition that Merrill attend a treatment recovery program and, if not placed on probation, that the district court retain jurisdiction. Merrill also asked that any sentence imposed on the felony eluding charge run concurrently with his two burglary sentences. In response, the district court inquired why, given Merrill's history, it should "even entertain a request for a retained jurisdiction rather than simply imposing the sentence, specifically given the nature of the [eluding] charge." Defense counsel explained:

> The presentence [investigator] believes that the new program offered by IDOC may offer Mr. Merrill some other treatment that he hasn't had. That's my guess.

---

[1]     The letter Merrill's counsel referenced is not included in the record.

I, likewise, expected a recommendation of imposing the sentence. But the presentence investigator believed that some additional treatment and a new program may be beneficial before the Court imposes sentence.

Following this exchange, the prosecutor presented the State's sentencing recommendation beginning with the acknowledgment: "We entered a plea agreement on this case which bound us to follow the recommendations" of the PSI. The prosecutor noted that Merrill had three pending cases for disposition and that the prosecutor "dealt with [Merrill's] mother" in a different courtroom the prior week and then stated:

> And, quite frankly, I don't know how else to put it. It's just been a headache, because the performance hasn't been there. The promises have been made, but the performances haven't been there.
>
> And I don't know if I have too much extra stuff in my eggnog or the presentence investigator writer does, but what the conclusion of it is--I think I was expecting to have an IDOC recommendation in this case.

The prosecutor further stated that, "Quite frankly, though, the last paragraph [of the PSI] on page 19 is almost spot on with how I feel." The prosecutor then read the last paragraph of the PSI, which provides:

> Mr. Merrill has an extensive criminal history. The instant offense is his third felony. He has completed a rider and had a chance to participate in a specialty court. He has had previous chances at probation and treatment and that, along with the nature of the instant offense, could merit a recommendation of incarceration with IDOC.
>
> However, the fact that the retained jurisdiction program has changed since he was last sent on one is another option; therefore, I respectfully recommend a retained jurisdiction.

Next, the prosecutor told the district court that there were "two things in [Merrill's] favor for a retained jurisdiction" and "only two things"--Merrill "'only' did the CAPP Rider, and he's young." The prosecutor commented that his tone was "negative" because, in his view, probation was "out of the question" given Merrill's history and his lack of a support system, including Merrill's mother and brother. The prosecutor continued by stating:

> So that's how irritated I am by this, and that's why I think a straight prison recommendation is just fantastic.
>
> But by giving him the benefit of the doubt, I'll turn my anger into a recommendation of an underlying sentence of five years fixed. I think he's earned it at this point.
>
> And now the ball is on his court, and I'll recommend that the Court order a retained jurisdiction and give him that one chance at the new program. That

might--and the benefit of--that I'm getting to with the two benefits, the CAPP Rider doesn't address his criminal thinking, which I think is there.

It may address it in some form or another, but I think, from what I know about the new retained jurisdiction, that might hit it out of the park for him and get him on the right track. At least let him take a swing at that is my recommendation.

Merrill did not object to the prosecutor's comments, and the district court noted the presentence investigator's recommendation but declined to retain jurisdiction. The district court imposed a unified five-year sentence, with a minimum period of confinement of two years, to run concurrently with Merrill's two burglary sentences.

Merrill argues fundamental error occurred in his case because the prosecutor breached the plea agreement and violated Merrill's constitutional rights by making statements that were fundamentally at odds with the recommendation the State was required to make under the plea agreement. Specifically, Merrill contends the prosecutor's comments made a mockery of and undermined the retained jurisdiction recommendation. With respect to prong two of *Perry*, Merrill argues the alleged breach is clear and obvious in light of the terms of the plea agreement and argues there is nothing in the record to indicate the failure to object was a tactical decision because Merrill had nothing to gain by allowing the allegedly improper statements to be made. Lastly, Merrill argues the alleged breach of plea affected his substantial rights and affected the outcome of his sentencing because retained jurisdiction was a reasonable disposition in his case, it was the only disposition recommended in the PSI, Merrill was entitled to the State's unequivocal concurrence with the recommendation, and it was reasonably possible that the district court would have followed the recommendation of retained jurisdiction if the State had not made the comments about which he complains.

The State argues that it did not breach the plea agreement because the prosecutor expressly recommended retained jurisdiction as he was obligated to do. The State further argues that, although the prosecutor expressed "surprise" at the recommendation in light of Merrill's history, that surprise was shared by everyone and did not constitute a breach. In addition, the State argues that, although the prosecutor "strenuously opposed" Merrill's probation recommendation, this also did not constitute a breach because nothing in the plea agreement precluded the State from objecting to probation since probation was not recommended in the PSI. Finally, the State argues that there is no basis for concluding the prosecutor's comments

6

affected Merrill's sentence because "Merrill likely would not have received a period of retained jurisdiction in any event" given the district court's focus on Merrill's need for Level 3.5 residential treatment, his lack of awareness of his needs for treatment for rehabilitation to succeed, and his ongoing criminality.

We hold that Merrill has failed to establish a clear violation of his due process rights. The requirement that a violation be clear all but definitively defeats a claim of an implied violation of the type that Merrill advances here. *See Stocks*, 153 Idaho at 174, 280 P.3d at 201. This principal was explained in *Stocks*. The plea agreement in *Stocks* precluded the State from recommending a harsher sentence than the sentence recommended in the PSI, which was for retained jurisdiction. *Id.* The prosecutor, in accord with the plea agreement, recommended a period of retained jurisdiction but prefaced the recommendation by referencing a number of concerns, including Stocks' statements made about the details of his offense, the existence of a prior victim, and Stocks' use of the Internet to view child pornography. *Id.* at 173, 280 P.3d at 200. Stocks contended, for the first time on appeal, that the prosecutor impliedly breached the plea agreement by making comments that were inconsistent with the agreement to recommend retained jurisdiction. *Id.* at 174, 280 P.3d at 201. This Court rejected Stocks' claim that his due process rights were clearly violated, holding that the prosecutor's sentencing remarks were relevant to both the underlying sentence to be imposed and to the length of a term of probation, had the district court decided to grant probation, as the prosecutor made no agreement to stand silent or to limit his ability to persuade the court that either period of time be significant. *Id.* at 174-75, 280 P.3d at 201-02.

As in *Stocks*, the prosecutor in this case recommended retained jurisdiction as required by the plea agreement. Merrill's argument, like Stocks' argument, rests upon an implied breach arising from remarks Merrill contends were "fundamentally at odds" with the prosecutor's actual recommendation. We decline to find a clear constitutional violation under these circumstances. While the prosecutor unquestionably expressed irritation with the presentence investigator's retained jurisdiction recommendation, the prosecutor made the required recommendation and, as in *Stocks*, nothing precluded the prosecutor from arguing against probation. We will not parse through individual remarks at sentencing to determine whether any of the remarks impliedly

breached the plea agreement when the applicable standard requires Merrill to show a clear constitutional violation. Merrill has failed to do so.

Even if there was a clear violation of Merrill's unwaived constitutional right, Merrill has also failed to meet his burden under prong two of the *Perry* analysis as it relates to whether defense counsel's failure to object was a tactical decision. On this point, Merrill argues that the failure to object was not tactical because there was "nothing to gain by allowing the prosecutor to make disparaging remarks" and, "had he objected to these statements and prevented the prosecutor from making such a forceful argument for incarceration, the court might have decided to follow the presentence investigator's recommendation for retained jurisdiction." Merrill has pointed to nothing in the record to support his assertion that an objection would have prevented the prosecutor from making such an argument or that the district court might have decided to retain jurisdiction but for the prosecutor's argument. The relevant question under *Perry*'s second prong is whether there is a need for additional information, not included in the record, as to whether the failure to object was a tactical decision--not whether there was a reason to object or what might have happened had an objection been made. That Merrill can posit a reason counsel should have objected does not mean counsel did not make a tactical decision to not object. There are reasons that the failure to object could have been tactical. For example, counsel may have perceived the prosecutor's comments as proper argument against the defense's probation recommendation. Counsel may have also declined to object based on his familiarity with the district court's sentencing practices, including that the district court was not likely to retain jurisdiction under the circumstances, which the district court had already signaled it was not inclined to do given Merrill's history and the nature of the offense. The only way to resolve that question is through information that is not included in the record. *See Mintun v. State*, 144 Idaho 656, 662, 168 P.3d 40, 46 (Ct. App. 2007) (A trial attorney's failure to object to inadmissible evidence or other potential errors may be done for legitimate strategic or tactical purposes. The record on direct appeal rarely discloses this practical strategy. It would be incorrect to grant relief in such a circumstance.).

The third prong of the *Perry* analysis requires Merrill to demonstrate the alleged breach affected his or her substantial rights, meaning it must have affected the outcome of the sentencing in the case. *Perry*, 150 Idaho at 226, 245 P.3d at 978. In breach of plea agreement

cases, the defendant will not always be able to show prejudice, either because he or she obtained the benefits contemplated by the deal anyway (*e.g.*, the sentence that the prosecutor promised to request) or because he or she likely would not have obtained those benefits in any event. *Puckett v. United States*, 556 U.S. 129, 141-42 (2009). Merrill argues that, because retained jurisdiction was a reasonable disposition of the case and it was reasonably possible that the district court would have given weight to the State's equivocal recommendation for retained jurisdiction, the breach influenced the district court's decision to not retain jurisdiction. However, when making its sentencing decision, the district court listed a number of reasons that it did not retain jurisdiction or place Merrill on probation. Specifically, the district court cited Merrill's need for Level 3.5 residential treatment, his numerous probation violations in the two burglary cases, and his ongoing criminality. During sentencing, the district court stated:

> Just so that we're clear, whatever [the prosecutor] said about your mother, I don't know what's going on there, because those aren't my cases. And I don't punish you because your mom is involved in any other things. The only point that I take from that is he's saying that, whatever support system you have here, she's not it. I can't disagree with that aspect of it.
> But when I go back and look through, first of all, the one thing that sticks out is that you're in need of Level 3.5 residential treatment.
> The other thing is in your statements here to the Court. I have concerns about where you really are going wrong, and I think it's that you--maybe it's an attempt to mitigate and get a lesser sentence or get probation, but you really lack understanding if you simply think that you can do this all on your own, given the circumstances you're in. I think you lack awareness of what it takes for treatment, and that's concerning, given the treatment that you've been provided.
> You've been in front of me numerous times, and to go through that 2013 case, you've been given break after break after break, trying to get you to break this cycle and to get ahold of this addiction that you have.
> And then when I look at this offense, fleeing or attempting to elude a peace officer, there's just simply no excuse for that.
> And under the circumstances, this Court does not think, simply because there is a new program in the retained jurisdiction, that that's beneficial. That program is also in the prison setting, and under the circumstances, I'm declining to exercise retained jurisdiction as well. So I'm imposing the sentences in each of these cases.

There is no indication that the district court made its sentencing decision based on the prosecutor's comments. Rather, it is apparent from the record that the district court's concerns regarding retained jurisdiction existed prior to the prosecutor's remarks, and the district court's

own remarks when imposing sentence explain why it did not believe retained jurisdiction was appropriate. Regardless of any implied breach, Merrill "likely would not have obtained [retained jurisdiction] in any event." This conclusion is reinforced by the district court's denial of Merrill's Rule 35 motion in which Merrill asked the district court to reconsider retaining jurisdiction. In its order denying Merrill's Rule 35 motion, the district court explained why it elected to impose a prison sentence without retaining jurisdiction, including noting that incarceration may be valuable to help change Merrill's lifestyle and life choices. Merrill has failed to show there is a reasonable possibility that the prosecutor's comments affected the district court's decision not to retain jurisdiction.[2] Merrill has failed to show a clear violation of an unwaived constitutional right resulting from an implied breach of the plea agreement or that the alleged breach would have affected the outcome of the sentencing. As such, he has failed to meet his burden of showing fundamental error.

## IV.

## CONCLUSION

Because Merrill failed to demonstrate a clear violation of an unwaived constitutional right in relation to the alleged breach of plea agreement in Docket No. 44824, Merrill's fundamental error argument fails, and his judgment of conviction for felony fleeing or attempting to elude a peace officer is affirmed. The district court's orders revoking probation in Docket Nos. 44822 and 44823 are also affirmed because Merrill has not challenged those orders on appeal.

Judge GUTIERREZ and Judge HUSKEY, **CONCUR**.

---

[2] Although this is a consolidated appeal including the orders revoking Merrill's probation in his 2013 and 2015 burglary cases, and Merrill's opening brief notes that he "challenges the dispositions in his three cases" and "requests that this Court vacate the orders revoking probation and executing sentence in his 2013 and 2015 cases," Merrill makes no argument specific to the probation revocation orders and only argues the single issue listed in his issue statement--that the State breached the plea agreement. Because the plea agreement at issue only relates to his 2016 case, and because Merrill has not presented any argument in relation to the revocation orders in his 2013 or 2015 cases, those orders are affirmed. *See State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996) (holding that a party waives an issue on appeal if either authority or argument is lacking.).