**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45616**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: January 21, 2020** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) |
| LIVINGSTON J. PAPSE, SR., | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of confinement of six years, for felony driving under the influence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Livingston J. Papse, Sr., appeals from his judgment of conviction and unified sentence of ten years, with a minimum period of confinement of six years, for felony driving under the influence (DUI). Papse raises two issues on appeal: (1) the State's sentencing arguments were fundamentally at odds with the State's sentencing recommendation and, therefore, breached the plea agreement; and (2) his sentence is excessive. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The State charged Papse with felony DUI, misdemeanor driving without privileges, and a persistent violator enhancement. Papse entered into a plea agreement whereby he pled guilty to felony DUI. In exchange for Papse's guilty plea, the State dismissed the misdemeanor driving

1

without privileges charge and the persistent violator enhancement and agreed to concur with the recommendation in the presentence investigation report (PSI). The presentence investigator recommended retained jurisdiction. At sentencing, defense counsel recommended probation and the State recommended a unified term of ten years, with a minimum period of confinement of seven years, with retained jurisdiction. The district court sentenced Papse to a unified term of ten years, with a minimum period of confinement of six years. Papse appeals.

## II.

## STANDARD OF REVIEW

Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). However, when a defendant alleges that a constitutional error occurred at trial and the alleged error was not followed by a contemporaneous objection, the claim of error must be reviewed under the fundamental error doctrine. *State v. Miller*, 165 Idaho 115, 119, 443 P.3d 129, 133 (2019). In order to obtain relief under the fundamental error doctrine, the defendant must demonstrate three things. First, the defendant must show that one or more of the defendant's unwaived constitutional rights were violated. *Id.* Second, the error must be clear and obvious, meaning the record must demonstrate evidence of the error and evidence as to whether or not trial counsel made a tactical decision in failing to object. *Id*. Third, the defendant must demonstrate that the error affected the defendant's substantial rights, which means the error identified in the first and second prongs of the test actually affected the outcome of the trial. *Id.* at 119-20, 443 P.3d at 133-34.

A sentence that is within the statutory limits is reviewed for an abuse of discretion. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006).

## III.

## ANALYSIS

### A.     Plea Agreement

Papse argues, for the first time on appeal, that the State breached the plea agreement by making arguments that were fundamentally at odds with the State's agreed upon sentencing recommendation. The three-part test for unobjected-to fundamental error applies to claims of prosecutorial breach of a plea agreement at sentencing. *State v. Merrill*, 164 Idaho 233, 235, 428 P.3d 811, 813 (Ct. App. 2018); *State v. Stocks*, 153 Idaho 171, 174, 280 P.3d 198, 201 (Ct. App.

2

2012). Thus, to be entitled to relief, Papse must show the alleged breach: (1) violates one or more of his unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record, including any information as to whether the failure to object was a tactical decision; and (3) actually affected the outcome. *See Miller*, 165 Idaho at 119-20, 443 P.3d at 133-34. Papse has failed to do so.

Pursuant to the plea agreement, the State agreed to concur with the recommendation of the presentence investigator. The presentence investigator recommended a period of retained jurisdiction, explaining, in part:

> [Papse's] last felony charge was for DUI; he spent seven years in prison and was released in 2015. Each time he was convicted of a felony, he chose to serve his entire prison sentence rather than being released and possibly going back to prison for a violation. Mr. Papse has his own home on the reservation, but struggles with transportation. He has only had one treatment episode; he participated in residential treatment in Washington about seventeen years ago. Serving seven years in prison didn't seem to help him, but he is a risk to the community without treatment and programming. Therefore, I respectfully recommend that [Papse] be sentenced to a period of retained jurisdiction. While on a rider program, Mr. Papse can participate in substance abuse treatment and classes designed to address criminal thinking.

At the sentencing hearing, defense counsel presented his recommendation first, asking the district court to place Papse on probation so he could remain in the community and continue with outpatient treatment. Alternatively, defense counsel suggested that, if the district court was not inclined to place Papse on probation, the district court should "follow the recommendation of the presentence investigation report and retain jurisdiction" so Papse could get treatment in that program. In response to defense counsel's recommendation, the district court asked:

> [Counsel], as far as the treatment is concerned, the impression I get, in going through this, is [Papse has] basically opted to top his time out in all of the other cases, basically, in effect, rejecting any rehabilitative programs in the past.
> So what's different now?

Defense counsel explained: "I think being out for a short while and just his age and where he's quite a bit older now, more mature, I think he's just sick of it there. He just doesn't want to go back, and he's willing to do whatever it takes not to go back."

Following this exchange, the State presented its sentencing recommendation:

At this time, the State's recommendation, pursuant to the plea agreement in this matter, is to concur with the presentence investigation and their recommendation.

Clearly, the presentence investigator recommends retained jurisdiction, which, quite frankly, is somewhat of a gift to Mr. Papse, based on his history. That recommendation is based upon essentially this individual not having received any treatment--in fact, one episode of treatment, as the presentence investigator indicates.

The State would agree with the Court that, based upon his decision making within prison, that's probably why, that he's topped his times out.

The State then commented on Papse's criminal record, which had resulted in Papse spending a "significant amount of his adult life incarcerated," and concluded its sentencing recommendation as follows:

And, you know, as the Court is aware, when we're dealing with cases like this of driving under the influence with an individual and a defendant that continually and repetitively does this, it becomes a protection-of-society issue.

At what point does this individual place society at such risk that the only choice is incarceration?

. . . .

At this point, the State's recommendation will be a seven-year fixed, three-year indeterminate sentence, with the Court retaining jurisdiction, and give [Papse] an opportunity to prove that he can do treatment, even though he's elected not to in the past.

Papse did not object to the prosecutor's comments.

After the State's recommendation, the district court afforded Papse an opportunity to speak, and the district court and Papse engaged in the following colloquy:

THE COURT: Why do you keep drinking and driving?
[PAPSE]: Well --
THE COURT: Drinking is one thing, but then making the decision to get behind the wheel is another.
[PAPSE]: Well, I don't know. That's my problem, but I should quit that, you know.
THE COURT: Well, this is your fifth DUI offense.
[PAPSE]: Yeah.
THE COURT: Anything else, sir?
[PAPSE]: No, sir. No.

In imposing sentence, the district court noted Papse's age, his prior criminal record, the fact that he had chosen to "sit out" the entirety of his previous prison sentences, the recommendation for intensive outpatient treatment, and that Papse was a "high-risk" to reoffend.

With respect to the recommendation for retained jurisdiction so that Papse could receive treatment, the district noted its "problem" was that Papse "chose to simply top [his] time out" in order "to avoid rehabilitative measures." The district court then imposed sentence, stating:

> When I sentence an individual, I have to consider the objectives of criminal punishment, which includes protection of society, deterrence, rehabilitation, and punishment. I also have to consider the factors under Idaho Code 19-2521, relative to the question of whether I should place you on probation or confine you to prison.
>
> And under the facts and circumstances of this case, it is obvious to me that protection of society is paramount, because you keep getting behind the vehicle and driving while under the influence, despite severe consequences and having served prison in the past.[1]
>
> Given all the circumstances, it is the judgment of this Court that you be sentenced to the Idaho Department of Corrections for a fixed and determinate period of six years and an indeterminate period of four years--in other words, not less than six, nor more than ten.
>
> . . . .
>
> The Court is declining your request for probation and is declining the State's request for retained jurisdiction in this matter.

Papse argues the prosecutor breached the plea agreement, resulting in fundamental error, by making comments fundamentally at odds with its agreement to concur in the presentence investigator's recommended sentence, which was retained jurisdiction. Specifically, Papse contends that, although the prosecutor recommended retained jurisdiction, the prosecutor also made comments that were "clearly contrary to that recommendation." In particular, Papse notes the following comments included in the prosecutor's recommendation: (1) that retained jurisdiction was "somewhat of a gift" given Papse's history; (2) the prosecutor's agreement with the district court that Papse's decision-making in prison was probably why he "topped his times out"; (3) that repeated driving under the influence implicates the protection of society; and (4) specifically recommending retained jurisdiction so that Papse can have the "opportunity to prove he can do treatment, even though he's elected not to in the past." Papse contends "it is

---

[1]     The district court had previously summarized the "facts and circumstances" as including that, when Papse was stopped by the officer, he admitted he had consumed two cases of beer prior to driving, failed field sobriety tests, refused a breath test, and was taken to the hospital for a blood draw.

clear" that these comments "were an attempt to circumvent the plea agreement and encourage the district court to impose a sentence other than what the presentence investigator recommended."

We have recently addressed the fundamental error analysis as it applies to a claim that the prosecutor breached the plea agreement by making comments that are fundamentally at odds with the agreed-upon sentencing recommendation. In *Merrill*, 164 Idaho at 238, 428 P.3d at 816, we stated that the requirement that a violation be clear on the record all but definitively defeats a claim of an implied violation of the plea agreement. We first articulated this same principle in *Stocks*, 153 Idaho at 174, 280 P.3d at 201. That principle applied here forecloses Papse's claim and he acknowledges as much. However, Papse contends that *Merrill* and *Stocks* were wrongly decided because they are contrary to the three-prong fundamental error standard first articulated in *State v. Perry*, 150 Idaho 209, 226, 245 P.3d 976, 978 (2010). Specifically, Papse asserts that our decisions in *Stocks* and *Merrill* "are not only unsupported by *Perry* but represent a troubling departure from the proper standard as they indicate that the Court of Appeals, without an objection, will only consider a claim that a prosecutor breached the plea agreement when the prosecutor expressly disavows" or makes a different recommendation than the one agreed upon. Papse relies on several pre-*Perry* (and pre-*Miller*) breach of plea cases in support of this argument. To be clear, the "proper" fundamental error standard is the one articulated in *Perry* and clarified in *Miller*. That standard requires, among other things, that a defendant demonstrate a clear violation of an unwaived constitutional right in order to be entitled to relief from an unobjected-to error raised on direct appeal. In the context of a breach of plea claim, the defendant must show a *clear* breach of the plea agreement. A clear breach is not one that is based on competing interpretations of a prosecutor's comments that the defendant, after the fact, characterizes as "fundamentally at odds" with the agreed-upon sentencing recommendation.

Papse cannot show a clear constitutional violation based on his negative interpretation of the prosecutor's comments at sentencing. The record is clear that the prosecutor complied with its obligation to concur with the presentence investigator's recommendation. That recommendation was for retained jurisdiction, which is precisely what the prosecutor asked the district court to do. Moreover, the prosecutor's comments in support of that recommendation were similar to, and consistent with, the presentence investigator's comments. The plea agreement did not preclude the prosecutor from echoing the reasoning underlying the

6

presence investigator's recommendation. Nor was the prosecutor precluded from acknowledging factors relevant to sentencing, such as protection of society and rehabilitation, which supported retained jurisdiction versus Papse's request for probation. Highlighting the fact that Papse had previously topped out his prison time rather than engage in rehabilitation supported rather than undermined the request for retained jurisdiction. As the presentence investigator noted, serving time in prison did not help Papse, he was a risk to the community without treatment and programming, and the retained jurisdiction program would allow Papse to participate in such treatment. The prosecutor did not breach the plea agreement or violate any of Papse's constitutional rights by reiterating this rationale in its sentencing comments. Papse's fundamental error claim fails under prong one.

Papse's fundamental error claim also fails under prong two. In *Miller*, the Idaho Supreme Court clarified that to meet the second prong of *Perry*, the record must contain evidence of the error *and* evidence as to whether trial counsel made a tactical decision to not object. *Miller*, 165 Idaho at 119, 443 P.3d at 133. In other words, there must be evidence in the record supporting an assertion that the lack of an objection was not tactical. *Id.* Asserting that the lack of objection was not beneficial or that an objection could or should have been made is inadequate to meet this burden. *Id.* Under prong two, Papse argues that "because the record reveals no objectively reasonable basis not to object," the "failure to object was not tactical." Under *Miller*, this argument is inadequate to satisfy prong two. *See id.*

Finally, Papse's fundamental error claim fails under prong three, which was also clarified in *Miller*. After *Miller*, the third prong requires the defendant to demonstrate that the complained-of error actually affected the outcome of the trial proceedings. *Id.* at 119-20, 443 P.3d at 133-34. Papse contends that, "had the prosecutor made a sincere recommendation for retained jurisdiction as he was obligated to do," the district court would have retained jurisdiction or "imposed a shorter sentence." Papse cites nothing from the district court's comments at sentencing that would support this conclusion. Under *Miller*, Papse's speculation that the district court's independent sentencing decision was motivated by the prosecutor's comments is inadequate to show the comments actually affected the sentence.

Papse's breach of plea claim fails all three prongs of the fundamental error analysis. As such, he is not entitled to relief on his unobjected-to claim of error.

**B.      Excessive Sentence**

Papse contends that his sentence of ten years, with six years fixed, is excessive in light of the mitigating circumstances in his case, including his age (sixty-nine years old at the time of sentencing), history of alcohol abuse, lack of education, and engagement in treatment prior to sentencing.  Sentencing is a matter for the trial court's discretion.  In order to prevail on his excessive sentence claim, Papse must establish that, under any reasonable view of the facts, his sentence is excessive in light of the four sentencing objectives--protection of society, deterrence, rehabilitation, and punishment.  *See Knighton*, 143 Idaho at 319-20, 144 P.3d at 24-25.  Having reviewed the record, which shows the district court expressly considered Papse's age, his prior convictions, need for treatment, that Papse had chosen "to avoid rehabilitative measures" in the past, and the need for protection of society due to Papse continuing to drive while under the influence, we cannot say that the district court abused its sentencing discretion.

## IV.

## CONCLUSION

Because Papse failed to demonstrate a clear violation of an unwaived constitutional right in relation to the alleged breach of the plea agreement, Papse's fundamental error argument fails. Papse's unified sentence of ten years, with a minimum period of confinement of six years, is not excessive.  Papse's judgment of conviction and unified sentence of ten years, with a minimum period of confinement of six years, for felony DUI is affirmed.

Judge GRATTON and Judge BRAILSFORD, **CONCUR**.

8